Ronald Lee MADLEY, Appellant,

v.

**UNITED STATES PAROLE COMMISSION,**
Appellee.

No. 00–5226.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 4, 2001.

Decided Jan. 25, 2002.

A. J. Kramer, Federal Public Defender, appointed by the court, argued the cause and filed the briefs as amicus curiae for appellant.

Ronald L. Madley, appearing pro se, was on the brief for appellant.

David B. Goodhand, Assistant U.S. Attorney, argued the cause and filed the brief for appellee. With him on the brief were Kenneth L. Wainstein, U.S. Attorney, John R. Fisher and Robert D. Okun, Assistant U.S. Attorneys.

Before: GINSBURG, Chief Judge, EDWARDS and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Ronald Lee Madley was convicted and sentenced to prison by the Superior Court of the District of Columbia, later released on parole, and then had his parole revoked. After serving an additional year of his sentence, Madley had a reparole hearing at which reparole was denied. Madley then made a pro se petition for a writ of habeas corpus to the United States District Court for the District of Columbia, naming the United States Parole Commission as respondent and complaining of alleged abuse of discretion and denial of procedural due process in the Commission's reparole decision. The district court filed the petition April 27, 2000 and on the same day filed a memorandum order dismissing the petition without requiring a response, on the grounds that Mr. Madley had no constitutionally protected liberty interest in parole and therefore had not been deprived of a constitutional right. Memorandum and Dismissal Order, *Madley v. U.S. Parole Commission*, No. CV00918 (D.D.C. Apr. 27, 2000). Madley made a timely motion under Rule 60 which the district court denied. Fed.R.Civ.P. 60. Order Denying Reconsideration, *Madley v. U.S. Parole Commission*, No. CV00918 (D.D.C. May 31, 2000). Madley filed a timely notice of appeal. He made no apparent effort to obtain a certificate of appealability ("COA" hereafter), and the district court made no apparent effort to

grant or deny one. *See generally* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). To assist us with the issues presented, we appointed amicus to make arguments on behalf of appellant Madley. We now dismiss his appeal on the grounds that we have no jurisdiction, for the reasons that follow.

In general, a district court disposition of a writ of habeas corpus is subject to review in the applicable circuit court of appeals, 28 U.S.C. § 2253(a), with two exceptions or limitations. First, and not in issue here, there is no appeal when the district court decision relates to certain removal proceedings. 28 U.S.C. § 2253(b). Second, and in issue here, there is no appeal when "the detention complained of arises out of process issued by a State court," 28 U.S.C. § 2253(c)(1)(A), unless a "circuit justice or judge issues a certificate," 28 U.S.C. § 2253(c)(1), that the "applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and that identifies the "specific issue or issues [that] satisfy the showing required." 28 U.S.C. § 2253(c)(3). (The same certificate threshold applies to appeals in 28 U.S.C. § 2255 proceedings, 28 U.S.C. § 2253(c)(1)(B), not at issue here.)

■ We have previously addressed the present incarnation of section 2253, *United States v. Johnson,* 254 F.3d 279, 287 & n. 11 (D.C.Cir.2001), but not the specific question whether a court of the District is a section 2253(c) "State court" for purposes of that act. As the question affects our power to consider this appeal, 28 U.S.C. § 2253(c)(1), we must consider it before the merits of the appeal. *See Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 93–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The answer is not as immediately obvious as might be thought. The federal seat of government is constitutionally different from the states, but Congress has created a trial and appellate court system of general jurisdiction for the District separate from the United States courts (of which we are a part) and intended to serve the District in much the same manner as the court systems of the various states and other large municipal entities. *See* District of Columbia Court Reorganization Act of 1970, Pub.L. No. 91–358, title I, § 111, 84 Stat. 473, 475–521 (codified at D.C.Code § 11–101 et seq.) (creating current system); *Palmore v. U.S.,* 411 U.S. 389, 392 n. 2, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973) ("invested ... with jurisdiction equivalent to that exercised by state courts"). Beginning with the same enactment, Congress has specified that the courts of the District would be deemed state courts for certain purposes, 28 U.S.C. §§ 1257 (certiorari), 1451 (removal), 2113 (other Supreme Court review under chapter 133), or that laws limited in effect to the District would be deemed not federal laws for certain purposes, 28 U.S.C. § 1366 (chapter 85 district court jurisdiction), or that the District itself would be deemed a state for certain purposes. 28 U.S.C. §§ 1332 (diversity jurisdiction), 1367 (supplemental jurisdiction). There is no such statutory provision relating to section 2253(c). *See generally* 28 U.S.C. §§ 2241–2255.

We have nevertheless concluded from precedent that a court of the District is a state court for purposes of section 2253(c). The present version of that section originated by amendment in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 102, 110 Stat. 1214, 1217–18 (amending 28 U.S.C. § 2253). Prior to that amendment, the third paragraph of section 2253 had since its enactment in 1948 required a certificate, not of appealability but of probable cause ("CPC" hereafter) by the following language:

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.

Act revising, codifying, and reenacting title 28 United States Code, c. 646, 62 Stat. 869, 967 (June 25, 1948) (codified at 28 U.S.C. § 2253). The requirements for that section 2253 CPC were not specified by statute, as are the requirements for the current 2253(c) COA, but the language "the detention complained of arises out of process issued by a State court" came forward unchanged. In the 1986 decision *Garris v. Lindsay*, we had interpreted the 1948 language in light of the 1970 creation of the current court system of the District as requiring a prisoner convicted by Superior Court of the District to obtain a CPC, and, denying him one, dismissed his appeal. 794 F.2d 722, 724 n. 8, 727 (D.C.Cir.1986). Congress's 1996 amendment to section 2253 left that interpreted language unchanged and made no effort to disapprove *Garris. Cf. Lorillard v. Pons*, 434 U.S. 575, 580, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) (Congress presumed to adopt existing judicial interpretations of a statute when it reenacts without change). Accordingly, *Garris* remains persuasive, if not controlling, and we conclude that a court of the District is a state court for the purpose of this statute.

■ Our next question is to identify the detention of which Madley complains and to determine whether or not that detention "arises out of process issued by a" court of the District. The first of those steps is easily surmounted. Madley's petition is clear that the detention of which he complains is his continued detention following what he regards as a seriously flawed re-parole hearing. His petition raises no complaint about his original conviction or his original loss of parole status. This alone, however, does not answer the question whether that detention "arises out of" state process or, as Madley argues, out of a parole board decision. Although we and a prior appellant appear to have assumed on a prior occasion that the closely analogous CPC requirement under the prior version of section 2253 applied to the appeal of a Virginia state prisoner complaining of loss of good-time service credits, *Crowell v. Walsh*, 151 F.3d 1050 (D.C.Cir. 1998), we have not decided the precise question. Our sister circuits are divided on the point. In *Walker v. O'Brien*, the Seventh Circuit declared, without analysis, that when the immediate cause of a prisoner's detention is "a prison disciplinary proceeding, the resulting detention does not arise out of process issued by a state court." 216 F.3d 626, 637 (7th Cir.2000). Because the source of the petitioner's detention was the decision of an administrative board, rather than the petitioner's conviction in state court, the petitioner did not need to obtain a COA. *See id.* at 637–38. In *Coady v. Vaughn*, on the other hand, the Third Circuit held that a prisoner's original conviction in state court, rather than the unfavorable decision of the parole board, was the cause of his detention for purposes of section 2253(c)(1)(A). *See* 251 F.3d 480, 486 (3d Cir.2001). Accordingly, the court ruled that a prisoner convicted in state court must obtain a COA to appeal from denial of habeas, even when the prisoner's petition challenges a parole board's refusal to reduce the duration of his confinement. *See id.*; *accord Montez v. McKinna*, 208 F.3d 862, 866–69 (10th Cir.2000); *Greene v. Tennessee Dep't of Corrs.*, 265 F.3d 369, 371–72 (6th Cir.2001); *see also Walker*, 216 F.3d at 642–44 (East-

erbrook, J., dissenting from denial of rehearing en banc).

■ We are persuaded that the better interpretation of the statutory phrase "the detention complained of arises out of process issued by a State court" is that the language requires a COA when the prisoner's detention originated in state court process, even if a later decision of a parole board to deny parole or reparole is the more immediate cause of the prisoner's continuing detention, and of which more immediate cause the prisoner complains. The continuing detention "arises out of" the earlier process because the parole board would have no occasion to consider parole at all, and the prisoner to complain thereof, had the prisoner not been convicted in the first instance and had the prisoner fully served his sentence in the second. Accordingly, as we already have determined above that the courts of the District are state courts for purposes of this statute, a prisoner arrested or convicted pursuant to process or judgment of the courts of the District must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Our interpretation of this threshold for appellate review does not deny such prisoners as Madley the remedy of a writ of habeas corpus entirely; it has no effect on district court jurisdiction, only our own. Under our interpretation, a prisoner convicted in a state court may obtain appellate review of a decision denying habeas only when the prisoner offers "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1)(A), regardless of whether the prisoner challenges his sentence or challenges a later administrative decision not to reduce that sentence. We do not think the Congress intended to limit federal review of a sentence imposed by a state court while allowing an unfettered appeal from a parole decision declining to decrease the time served thereunder. *See Walker,* 216 F.3d

at 644 (Easterbrook, J., dissenting from denial of rehearing en banc). The relative informality of the liberty-affecting administrative processes of parole or of good-time-credit disciplinary proceedings, compared to judicial convictions and sentencing, is not cause for plenary federal appellate scrutiny in addition to district court scrutiny, as the Seventh Circuit believes, *Walker,* 216 F.3d at 637–38, because less process is due in those post-conviction determinations. *See Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation). Therefore Madley, whose detention ultimately arises out of his conviction and sentencing—process—by the Superior Court of the District, a state court for this purpose, needs a COA to proceed with appellate review of his complaint about denial of reparole.

■ The fact that Madley needs a COA and does not presently have one does not dispose of the matter. Madley did not request a COA from the district court and the district court did not grant or deny one on its own. *See* Fed. R.App. P. 22(b)(1). Had the district court denied a COA, Madley might have asked for a COA from one of our number, *id.,* but had he failed to do so, the notice of appeal itself would be deemed an application to the judges of this court for such a certificate. Fed. R.App. P. 22(b)(2). We will not dismiss on the ground that Madley has no power to request a COA from us because the district court has not technically denied the COA. Nor, in the circumstances of this case, will we assume that remand to the district court for yet a third evaluation of the merits would serve any purpose because the district court's view of the strength of the application is clear from that court's denial of the petition and of the subsequent Rule 60 motion without ever soliciting a response from the named respondent

1311

or any other person. Accordingly, we will treat the COA as denied under Rule 22 by the district court and the notice of appeal as a request to us under Rule 22 for the denied COA. The question before us, then, is whether we should issue a certificate—i.e., whether Madley has made a substantial showing of deprivation of a constitutional right, as required by section 2253(c)(2).

■ We conclude that he has not. Madley alleges, but does not complain of, revocation of parole based on noncriminal behavior, followed after a year by a reparole hearing at which he fully expected parole based on applicable guidelines. The United States Parole Commission, which had not made the original parole revocation decision but which was charged with parole determinations for District prisoners when Madley again became eligible for parole review, however, denied him parole on the basis of an attempted burglary charge of which he claims innocence, that had been dismissed, and that was not the basis for revocation of parole. The Parole Commission apparently failed to follow the procedures prescribed in its own regulations for denial of parole based on evidence of new criminal conduct. Madley alleges deprivation of due process.

■ The difficulty for Madley is that there is "not, of course, . . . a direct constitutional liberty interest in parole," *Blair–Bey v. Quick,* 151 F.3d 1036, 1047 (D.C.Cir.1998), and nonmandatory parole regulations for the District do not create one. *Id. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7–8, 11–12, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The particular parole regulations at issue here remain discretionary, insufficiently mandatory to create a constitutional liberty interest that otherwise would not exist. *See* 28 C.F.R § 2.21(d) ("merely guidelines"). It may be, as this court has

observed before in dictum, that "exceptionally arbitrary governmental conduct may in itself violate the due process clause," *Blair–Bey,* 151 F.3d at 1048 n. 11, but the facts alleged here do not meet that standard. Accordingly, we conclude that Madley has not made the showing required, and we therefore must deny the certificate of appealability and dismiss the appeal without reaching any other issue.

*Appeal dismissed.*