Charles E. WIGGINS, Appellant,

v.

John HENDERSON, Warden, D.C. Department of Corrections, Occoquan Facility, Appellee.

Nos. 00–7022 and 00–7191.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 4, 2001.

Decided Jan. 25, 2002.

A.J. Kramer, Federal Public Defender, appointed by the court, argued the cause and filed the briefs as amicus curiae for appellants.

Charles E. Wiggins, appearing pro se, was on the brief for appellant Charles E. Wiggins in No. 00–7022.

Curtis E. Crawford, appearing pro se, was on the briefs for appellant Curtis E. Crawford in No. 00–7191.

Mary L. Wilson, Assistant Corporation Counsel, argued the cause for appellees. With her on the brief were Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel.

Before: GINSBURG, Chief Judge, EDWARDS and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

In this case we affirm the decisions of the district court to dismiss the separate petitions for writs of habeas corpus filed by Charles E. Wiggins and Curtis E. Crawford pursuant to 28 U.S.C. § 2253. The reasons for our decisions follow.

The issues presented are principally procedural, and require a brief review of earlier proceedings. In 1972, the United States charged Charles E. Wiggins with first degree murder in violation of the District of Columbia Code. At that time, the current District of Columbia Superior Court did exist, but jurisdiction of homicides under the District of Columbia Code remained in the United States District Court for the District of Columbia. District of Columbia Court Reorganization Act of 1970, Pub.L. No. 91–358, title I, §§ 111, 199(c), 84 Stat. 473, 477, 482, 486, 598 (codified in part at D.C.Code §§ 11–502(2)(A)(v), 11–901, 11–923(b)(2)). Wiggins was convicted in the district court, but we set aside the conviction for the prejudicial trial use of an alleged confession to other murders. *United States v. Wiggins*, 509 F.2d 454 (D.C.Cir.1975). We also set aside a second conviction. Following the third trial, we affirmed conviction. *See Wiggins v. Henderson*, No. 94–2609, slip op. at 2 (D.D.C. Nov. 22, 1999). Wiggins is currently serving a sentence of twenty years to life in prison for his conviction of murder.

Wiggins has previously been considered for parole, but denied it in whole or in part because of the alleged confession of other murders. He previously sought relief from the district court on this ground in 1994 pro se. The district court considered and denied the writ; we affirmed summarily. *Wiggins v. Henderson*, No. 95–7097, 1996 WL 103752 (D.C.Cir. Jan. 24, 1996) (per curiam). After he was denied parole a

second time because of his alleged confession to other murders, he made a second pro se petition to the district court on September 8, 1999 seeking either immediate release on parole or, alternatively, a parole reconsideration hearing at which the confession to other murders could not be considered. The district court dismissed this second petition because it raised only the issues previously addressed by the district court in 1995 and by this court in 1996. Wiggins appealed, and we now have that second petition before us. We appointed amicus to present arguments on behalf of Wiggins.

Like Wiggins, Curtis E. Crawford was convicted in federal district court for a D.C. Code offense. Unlike Wiggins, Crawford was paroled. He was later arrested in the District for aggravated assault under the D.C. Code. The United States Attorney notified the parole board of the new arrest, and the parole board issued a parole violation warrant based on allegations of new criminal conduct (the assault charges). When the D.C. Superior Court authorized Crawford's release on the assault charges, the authorities promptly executed the parole warrant and continued to hold him for the alleged parole violation.

Ordinarily, revocation of parole requires a reasonably prompt hearing after the parolee has been deprived of his conditional liberty, see generally Morrissey v. Brewer, 408 U.S. 471, 485–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), but Crawford was given none. When, more than two months after execution of the parole warrant, authorities still held Crawford but had not afforded him a parole revocation hearing, Crawford petitioned for a writ of habeas corpus. The district court issued a show cause order. Whether or not awakened by this show cause order, the District at last conducted a parole revocation hearing

for Crawford. Accordingly, the district court dismissed the petition on the grounds that it had been rendered moot by that intervening parole revocation hearing. Nevertheless, Crawford appealed. As with Wiggins, we appointed amicus to present arguments on behalf of Crawford.

These petitions present a procedural question of first impression. Section 2253 confers jurisdiction on this court to hear appeals from final orders in habeas proceedings conducted by the district court, but requires a certificate of appealability ("COA") when "the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(a), (c). The certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The requirement supplants the former and similar requirement of a certificate of probable cause. *See Garris v. Lindsay,* 794 F.2d 722, 723–24 (D.C.Cir.1986) (per curiam). Neither Wiggins nor Crawford has requested or received such a COA.

Corporation counsel for the District of Columbia, appearing in opposition to the respective appeals of Wiggins and Crawford, argues that the convicting district court effectively sat as a state court for the District when it applied District law, and therefore that Wiggins and Crawford each must obtain a COA. The statute refers to "process issued by a State court." It says nothing about the process of a federal court acting to implement state law. The starting point in understanding the statute is always the language of the legislature. *Williams v. Taylor,* 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). We know of no instance in which Congress has ever indicated its intention that a federal court should become a state court for this or any other purpose. If Congress were intending to do something so extraordinary, we would expect it to do so explicitly.

We therefore conclude that the federal district court is not rendered a state court for purposes of this statute by its application of District of Columbia law. Corporation counsel also argues that a COA is required because Wiggins and Crawford challenge decisions of the D.C. Board of Parole and therefore their detentions arise out of "process issued by a State court." We reject that argument, however, for the reasons given in a related case. *See Madley v. United States Parole Comm'n,* 278 F.3d 1306 (D.C.Cir.2002). Accordingly, the statute does not require or permit us to require a COA from Wiggins or Crawford.

Since no COA is required, we now reach the merits of the respective petitions, but we discover that there are none. The contentions of Wiggins have been considered fully previously, and he raises no new matter. He is detained pursuant to a judgment of a court of the United States. The district court did not err in dismissing his petition. 28 U.S.C. § 2244. The contention of Crawford that he was denied a revocation hearing has been cured. *Crawford v. Director of Dep't of Corr.,* No. 99-1051 (D.D.C. June 26, 2000).