**Eudon BARNARD, Petitioner,**

v.

**Adrienne POTEAT, Respondent.**

**No. CIV.A. 00–2866(RBW).**

United States District Court,
District of Columbia.

May 21, 2002.

Mr. Eudon Barnard, White Deer, PA, for Petitioner.

Robert D. Okun, Chief, Special Proceedings Section, Washington, DC, Counsel for United States.

### *MEMORANDUM OPINION*

WALTON, District Judge.

Eudon Barnard was sentenced in the Superior Court of the District of Columbia in 1990 to 15 years to life for murder in the second degree while armed. On August 7, 2000, Mr. Barnard received his initial parole hearing from the United States Parole Commission ("Commission"). In a Notice of Action, dated October 4, 2000, Mr. Barnard was denied parole and a rehearing was scheduled for April, 2006. The Commission's decision to deny parole was consistent with its regulations, but the five year set-off was a departure from those guidelines. The Commission's reasons for departing from its guidelines was that

> The instant offense involved a $200 robbery during which you capriciously shot, at point-blank range, the two victims, killing one of them. This behavior, although at age 17, indicates an unusually cruel and impulsively violent personality that is likely to be a long-term risk to society. This continuance reflects that long-term risk factor. Moreover, accountability for such a serious murder requires more time than you have served to date.

*See* Petition for a Writ of Habeas Corpus, Exh. 4. Petitioner brings this petition for a writ of habeas corpus to challenge the Commission's October 4, 2000 Notice of Action denying him parole and setting a parole rehearing date in five years.

### DISCUSSION

■ Petitioner argues that the Commission's use of its own guidelines violated the *ex post facto* clause because if his parole eligibility had been scored under the 1987 District of Columbia Board of Parole ("Board") guidelines, he would have been recommended for parole. Although the Commission does not concede petitioner's calculation of what his score would have been under the Board's 1987 guidelines or the timing of his parole eligibility under those guidelines, it also does not expressly dispute either position. This does not, however, necessarily demonstrate an *ex post facto* violation because under both the Board's and Commission's guidelines, the decision whether to grant parole is entirely discretionary. *Cf. Anyanwutaku v. Moore,* 151 F.3d 1053, 1055 (D.C.Cir.1998).

In order to establish that the Commission's application of its guidelines violated the *ex post facto* clause, petitioner must show that the guidelines "produce[ ] a sufficient risk of increasing the measure of punishment attached to the ∴." crime for which he was sentenced. *California Dep't of Corrections v. Morales,* 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); *see also Blair–Bey v. Quick,* 151 F.3d 1036, 1049 (D.C.Cir.), *modified on reh'g,* 159 F.3d 591 (D.C.Cir.1998). Petitioner has failed to make such a showing. The scoring system created by the 1987 guidelines merely formalized the method by which the Board exercised its considerable discretion to grant parole. *Davis v. Henderson,* 652 A.2d 634 (D.C.1995). And that same level of discretion remains under the Commission's guidelines. *See Madley v. United States Parole Comm'n,* 278 F.3d 1306, 1311 (D.C.Cir.2002) (quoting from 28 C.F.R. § 2.21(d) that the Commission's regulations are "merely guidelines"). Thus, discretion to grant or deny parole was under the Board's guidelines and is under the Commission's guidelines the hallmark of both systems.

Petitioner fails to show that the application of the Commission's guidelines "yields results materially harsher than those ordinarily occurring under the prior regime."

*Blair–Bey v. Quick,* 159 F.3d at 592. Rather, all he contends is that the *ex post facto* proscription is implicated because under the prior regulations of the Board he would have fallen into the parole eligibility category on the date when he initially became eligible for parole, whereas, under the Commission's current guidelines he did not fall within that category. Despite this distinction, petitioner has not demonstrated that he would have necessarily fared better under the Board's guidelines. The Board still had the authority to deny parole and petitioner has presented nothing to show that would not have occurred. Consequently, the Commission's use of its new guidelines did not violate the *ex post facto* clause.

██ Petitioner also argues that the Commission abused its discretion in departing from its guidelines in giving him a five year set-off. This Court's review of the Commission's decision is limited to a determination of whether it has abused its discretion. The Commission abuses its discretion where there is not a rational basis in the record for its findings of fact embodied in its statement of reasons. *Hackett v. United States Parole Comm'n,* 851 F.2d 127, 130 (6th Cir.1987) (quoting *Solomon v. Elsea,* 676 F.2d 282, 290 (7th Cir.1982)); *Gambino v. Morris,* 134 F.3d 156, 160 (3rd Cir.1998); *Bridge v. United States Parole Comm'n,* 981 F.2d 97, 105 (3rd Cir.1992) (citing *Billiteri v. United States Board of Parole,* 541 F.2d 938, 946 (2d Cir.1976)) (court has no authority to substitute its discretion for that of the parole board). The Commission's rationale for giving a five year set-off is that the nature of the crime "indicates an unusually cruel and impulsively violent personality" and requires more time in prison as "accountability for such a serious murder." Petitioner does not dispute that he shot two people at point-blank range, killing one of them, during the course of a robbery. Because the Commission's deci-

sion to depart from its guidelines in scheduling a parole rehearing had a rational basis in the record, its decision was not an abuse of discretion.

For the reasons set forth above, the petition for a writ of habeas corpus will be denied. An appropriate Judgment accompanies this Memorandum Opinion.

### *JUDGMENT*

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

ORDERED that the Order Directing Respondents to Show Cause [# 3] is DISCHARGED; and it is

FURTHER ORDERED that the petition for a writ of habeas corpus [# 1] is DENIED and this action is DISMISSED without prejudice. Any pending motions are denied as moot. This is a final appealable order. *See* Fed. R.App. P. 4(a).

SO ORDERED.