Milton R. **ROBINSON**, Petitioner–Appellant,

v.

Herbert **NEWKIRK**, Respondent–Appellee.

No. 01–3989.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002 *.

Decided July 24, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, RIPPLE, and MANION, Circuit Judges.

ORDER

Indiana prisoner Milton Robinson, an inmate at the Westville Correctional Facility, filed a petition under 28 U.S.C. § 2254 seeking relief from a prison disciplinary conviction for possession of marijuana that resulted in Robinson's loss of 90 days of good-time credits and his demotion to a lower credit-earning class. Robinson argues principally that he was denied due process because the evidence presented at his disciplinary hearing was insufficient to support the charges against him. The district court found that some evidence supported the decision, and accordingly denied Robinson's petition. We affirm.

On August 4, 2000, Westville officials J. Hootnick and John Larson searched Robinson's assigned area and found hidden under his mattress a substance that tested positive as marijuana. Based on this discovery, Hootnick issued a conduct report charging Robinson with possession of marijuana, and Larson submitted a witness statement supporting Hootnick's report. A few days later, Robinson received a copy of the report, Larson's witness statement, and notice of an impending Conduct Adjustment Board (CAB) hearing.

At the CAB hearing Robinson denied the charge against him. He claimed that he had not been in the room immediately prior to the search and that the marijuana belonged to a fellow inmate named Jerry Guffey. To bolster his story, Robinson presented Guffey's testimony and that of another inmate, Phillip Whitley. Both witnesses testified that Guffey placed something under Robinson's mattress shortly before Hootnick conducted the search, and Guffey admitted that the substance was marijuana. In addition to this evidence, the CAB considered Hootnick's report, Larson's witness statement, and the positive test results identifying the substance found under Robinson's mattress as marijuana. Relying on this evidence, the CAB found Robinson guilty of possession and punished him by revoking 90 days of his earned good-time credit and demoting him to a lower credit-earning class.

In September Robinson appealed the CAB's decision to superintendent Herbert Newkirk, primarily arguing that the evidence was insufficient to convict him. He also argued that the CAB improperly disregarded Guffey's admission that the marijuana belonged to him, and complained of irregularities in the procedures used to test the substance found under his mattress. Newkirk affirmed the CAB's decision and Robinson appealed to the final reviewing authority of the Indiana Department of Corrections (DOC), which also affirmed. Having exhausted his administrative remedies, Robinson petitioned for a writ of habeas corpus under § 2254, which the district court denied. Robinson filed a timely notice of appeal, and the district court determined that in light of *Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000),this appeal could proceed without a certificate of appealability.

Because Indiana prisoners have a protected liberty interest in earned good-time credits and in credit-earning class, they are entitled to due process when the state threatens to deprive them of these inter-

ests due to their alleged misconduct. *See Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir.1996). To avoid arbitrary deprivation of prisoners' liberty interests, due process requires among other things that "some evidence" supports the findings of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). In reviewing the CAB's decision for "some evidence," we need not independently assess witness credibility or weigh the evidence, but instead we must determine whether the decision has some factual basis. *See id.* at 455–56, 105 S.Ct. 2768; *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). If the evidence relied on by the board has sufficient indicia of reliability, we may conclude that board-imposed sanction was not arbitrary. *See Meeks,* 81 F.3d at 720.

Robinson argues that the CAB lacked sufficient evidence to support his conviction because other inmates had access to his mattress and it was never proven that he owned or possessed the substance that Hootnick found there. But Hootnick's conduct report indicates that when he found the marijuana, Robinson attempted to explain how it got there, thereby indicating that he had been aware of its presence, and Larson's witness statement corroborates Hoonick's report. Robinson's communications with Hootnick constitute "some evidence" that Robinson knew the marijuana was under his mattress, an area that the prison required Robinson to keep free of contraband. Therefore, even though others had access to his mattress, the CAB still had "some evidence" that Robinson possessed the drugs. *See Hamilton v. O'Leary,* 976 F.2d 341, 345–46 (7th Cir.1992) (finding "some evidence" of a prisoner's possession of a weapon found in a cell shared with three other inmates).

Robinson also argues that he was denied due process because prison officials violated established prison policy when handling and testing the substance Hootnick found under Robinson's mattress. In particular he contends that the prison violated policy by routing the evidence to the internal affairs office and he challenges the qualifications of the individual who tested the substance. But absent some affirmative indication that the drug test lacked reliability, we cannot conclude that the test results fail to qualify as "some evidence" from which prison officials could conclude that Hootnick found marijuana under Robinson's mattress. *See Webb v. Anderson,* 224 F.3d 649, 653 (7th Cir.2000). Moreover, we note that Robinson presented the CAB with testimony from inmate Guffey which further supports the CAB's conclusion that the substance found under the mattress was marijuana.

Finally, Newkirk argues that this court should reconsider that portion of its decision in *Walker* that allowed Robinson to appeal the denial of his § 2254 petition without first obtaining a certificate of appealability. Newkirk raises no novel arguments for overturning *Walker,* but relies on our recent opinion in *Moffat v. Broyles,* 288 F.3d 978 (7th Cir.2002), which notes that five of our sister circuits have now decided this question, and yet none has adopted *Walker*'s holding. *See Madley v. United States Parole Comm'n,* 278 F.3d 1306, 1310 (D.C.Cir.2002); *Greene v. Tenn. Dep't of Corrs.,* 265 F.3d 369, 371–72 (6th Cir.2001); *Coady v. Vaughn,* 251 F.3d 480, 486 (3d Cir.2001); *Montez v. McKinna,* 208 F.3d 862 (10th Cir.2000); *Hallmark v. Johnson,* 118 F.3d 1073, 1076 (5th Cir. 1997). Although we respect the different conclusions reached by our sister circuits, we decline to accept the invitation to reconsider our position in *Walker.*

Because the CAB decision is supported by some evidence, we AFFIRM the judgment of the district court denying Robinson's petition for a writ of habeas corpus.