

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2005

# Warren v. US Parole Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Warren v. US Parole Comm" (2005). *2005 Decisions.* Paper 723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4485
_____

MORRIS J. WARREN,

Appellant,

v.

UNITED STATES PAROLE COMMISSION

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00624)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
July 5, 2005

Before: RENDELL, AMBRO AND FUENTES, CIRCUIT JUDGES

(Filed August 8, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Morris J. Warren was arrested while on parole in 1973. On December

18, 1973, the Superior Court for the District of Columbia sentenced him to 15 years to life

for several counts of sexual assault while armed, and kidnapping. The court ordered that

this sentence run consecutively to any parole violation sentence. On July 19, 1983, Warren was resentenced on these same charges to a term of imprisonment of 10 years to life, and a consecutive term of imprisonment of five to fifteen years, for, once again, an aggregate term of imprisonment of fifteen years to life. The State of Maryland has lodged a detainer against Warren for service of a concurrent life sentence plus 25 years imposed upon convictions for aiding and abetting murder, assault with intent to maim, and attempted robbery, to which he will be released if paroled from his D.C. sentence.

Warren, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania. He contended that the United States Parole Commission's failure to obtain a psychological assessment of future dangerousness rendered its decision to deny him parole arbitrary and capricious.

Warren was first considered for parole by the District of Columbia Board of Parole in May 1995. He received a point score of "four" under the 1987 District of Columbia parole guidelines, a score which indicated that parole should be denied, and in fact it was denied. Warren subsequently was transferred to the jurisdiction of the United States Parole Commission. In a decision dated June 15, 2000, the Parole Commission, applying the 1987 D.C. guidelines, assigned him a score of 3 points, which ordinarily would mean that he would be granted parole. However, the Parole Commission decided to depart

from the guidelines on the basis of Warren's having committed three violent crimes while on parole, and on the basis of the Maryland convictions. The Parole Commission believed that Warren posed a serious risk to the community, and requested that the D.C. Department of Corrections or Bureau of Prisons conduct a psychological evaluation of Warren's future dangerousness. A reconsideration hearing was scheduled for April 2003.

This psychological evaluation did not take place. On March 11, 2003, the Parole Commission again computed Warren's point score as "three," and again denied parole, citing as the reason for departing from the guidelines the serious risk posed by Warren, as determined by the three violent crimes committed while on parole and the Maryland convictions. Again a request was made for the Bureau of Prisons to conduct a psychological evaluation of Warren's future dangerousness.

In the meantime, Warren filed an administrative grievance with the Bureau of Prisons, asking for the psychological evaluation/risk assessment to be conducted. Warden D. Scott Dodrill rejected the grievance, explaining that Bureau of Prisons psychologists are not required by statute to predict future dangerousness, an assessment that requires specially trained psychologists. Moreover, the Parole Commission may grant or deny parole on the basis of its scoring system without regard to an independent dangerousness assessment.[1]

---

[1] Insofar as the parties are familiar with the exact text of Warden Dodrill's response, we will not set it forth here.

The Magistrate Judge filed a Report and Recommendation, in which he recommended that the habeas petition be denied, because the Parole Commission's June 2000 and March 2003 decisions denying parole to Warren were not arbitrary and capricious. The Magistrate Judge also warned Warren about his many habeas petitions and the possible applicability of the abuse of the writ doctrine.

Warren filed objections, in which he reiterated his allegation that he was being denied parole for a reason he could not control – the failure of the BOP to conduct a psychological evaluation – and he noted that parole had again been denied to him by the Parole Commission on May 4, 2004. He also alleged that the Magistrate Judge was vindictive and biased.

In an order entered on November 9, 2004, the District Court adopted the Report and Recommendation. The Court addressed Warren's objections and dismissed them, concluding that the BOP could not be forced to conduct a psychological evaluation of future dangerousness, the Parole Commission's decision to deny parole was rational even in the absence of an evaluation, and there was no evidence that the Magistrate Judge was vindictive or biased. The District Court declined to consider Warren's *ex post facto* argument, concluding that it was essentially the same argument considered and rejected in Warren v. Dodrill, D.C. Civ. No. 02-cv-02254. Like the Magistrate Judge, the District Court warned Warren about abusing the writ by not including all of his habeas claims in one petition. Warrens appeals.

We will affirm.[2]  A court's role in reviewing decisions by the United States Parole Commission on an application for a writ of habeas corpus is limited.  See Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998).  The appropriate standard of review is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.  Id. (citing Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)).  However, the court must ensure that the Commission's decision is not arbitrary and capricious, nor based on impermissible considerations.  Id.

The propriety of the District Court's and Magistrate Judge's conclusions concerning the rationality of the Parole Commission's June 2000 and March 2003 decisions to deny parole, and the absence of any authority for compelling the Bureau of Prisons to conduct a future dangerousness assessment, is clear.  We also reject as meritless Warren's argument that the Magistrate Judge was vindictive and biased.  In addition, the District Court properly declined to consider Warren's *ex post facto* argument.  Warren's argument concerning the rationality of the Parole Commission's May 11, 2004 decision presents a somewhat closer question, but, ultimately, we are persuaded that the Parole Commission's decision was rational and not based on

---

[2]  As a District of Columbia prisoner Warren needs a certificate of appealability to proceed, see Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002) (D.C. prisoner is state prisoner for purposes of federal habeas corpus statute); Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) (state prisoner in custody pursuant to judgment of state court must rely on 28 U.S.C. § 2254 to bring claims challenging execution of his sentence); 28 U.S.C. § 2253(c)(1)(A) (certificate of appealability required to proceed with appeal where continued detention resulted initially from state court judgment), and we hereby grant it.

5

impermissible considerations.

On May 11, 2004, the Parole Commission computed Warren's point score as "two," and still it denied parole under the 1987 D.C. guidelines. However, the Parole Commission once again cited as the reason for departing from the guidelines the serious risk posed by Warren, as determined by the three violent crimes committed while on parole and the Maryland convictions. This statement of reasons finds a basis in the record and is not arbitrary and capricious. Additional reasons appear for denying parole, such as that Warren lacked remorse and had failed to participate in treatment programs, but they do not undermine the rational basis for the decision.

We will affirm the order of the District Court dismissing the habeas petition.[3]

---

[3] Judge Ambro dissents, as he believes that the Parole Commission's reasons for denying parole keep shifting as Mr. Warren's "score" goes down. Though he expresses no view on the merits of Mr. Warren's claims, he would remand for the District Court to take a closer look at his arguments.