

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2005

# DeVaughn v. Dodrill

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4162

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"DeVaughn v. Dodrill" (2005). *2005 Decisions.* Paper 666.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/666

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4162
_____

RICHARD DeVAUGHN

v.

D. SCOTT DODRILL

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00565)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
MARCH 21, 2005
Before: ROTH, MCKEE AND ALDISERT,  Circuit Judges.

(Filed :   August 23, 2005)
_____

OPINION
_____

PER CURIAM

Richard DeVaughn appeals from the District Court's order denying his habeas

corpus petition challenging the forfeiture of good time credits.  Because we lack

jurisdiction to consider DeVaughn's appeal absent a certificate of appealability ("COA"),

we will construe his notice of appeal as a request for a COA under 28 U.S.C. § 2253(c). For the reasons that follow, we will deny the request.

DeVaughn is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana, serving a sentence imposed by the Superior Court of the District of Columbia. Before being transferred to Terre Haute, DeVaughn was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. While DeVaughn was housed in Lewisburg, an inmate disturbance erupted in the recreation yard involving District of Columbia inmates and Hispanic inmates. DeVaughn was issued a misconduct report for his participation in the disturbance. Following a disciplinary hearing, DeVaughn was found guilty and was sanctioned with sixty days in segregation, a loss of privileges, and a forfeiture of 1372 good time credits.

In April 2003, while still incarcerated in Lewisburg, DeVaughn filed a habeas corpus petition under 28 U.S.C. § 2241 in the District Court, challenging the investigation and disciplinary hearing leading to the forfeiture of his good time credits. Without conducting an evidentiary hearing, the District Court rejected DeVaughn's claims on the merits and denied his habeas corpus petition. DeVaughn appeals.

We consider first whether DeVaughn's habeas corpus petition is properly filed under 28 U.S.C. § 2241 or § 2254. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section

2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A prisoner challenging either the validity **or execution** of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.  See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  For purposes of the federal habeas corpus statute, the Superior Court of the District of Columbia is a "State court."  See Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002).

Here, DeVaughn challenges the execution of his state sentence, i.e., the forfeiture of his good time credits.  Accordingly, he must proceed under § 2254, not § 2241, and he must obtain a COA under § 2253(c) before we can consider his appeal.  Coady, 251 F.3d at 485-86.  Neither we nor the District Court granted a COA.  Absent a COA, we lack jurisdiction to consider DeVaughn's appeal.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Rather than dismiss the appeal outright, however, we will construe DeVaughn's notice of appeal as a request for a COA.[1]  See Coady, 251 F.3d at 486; Fed. R. App. P. 22(b)(2).

---

[1] In deciding whether to grant a COA, we have considered the arguments raised the parties' briefs.

3

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the district court denies a habeas petition on the merits, a COA should issue when jurists of reason would debate the correctness of the district court's decision.  See Miller-El, 537 U.S. at 338.

DeVaughn falls short of satisfying this standard.  His primary contention on appeal is that the District Court failed to address his argument that he remains subject to certain provisions of the District of Columbia Code ("D.C. Code") governing the forfeiture of good time credits.  DeVaughn is correct that the District Court did not expressly address this claim.  Regardless, DeVaughn has failed to explain how the length of his detention would have been any shorter if any particular provisions of the D.C. Code had been applied.[2]

DeVaughn's submissions to us are devoid of any other argument calling into question the legality of the forfeiture of good time credits or any other sanction imposed.[3]

---

[2]We need not decide whether any of the cited provisions of the D.C. Code applies to District of Columbia inmates such as DeVaughn who are in the custody of the Bureau of Prisons.  We note DeVaughn's argument (apparently in the alternative) that if he were treated as a federal prisoner, he would be subject to the forfeiture of no more than 54 good time credits per calendar year.  He fails to cite any authority for this proposition.  We are aware that a federal prisoner may **earn** up to 54 good time credits per year under 18 U.S.C. § 3624(b).  This statute mentions no limit on the number of good time credits a federal prisoner may **forfeit** per year, however.  One of the federal regulations DeVaughn cites specifically allows for the forfeiture of up to 100 per cent of earned good time credit without any numerical limitation.  See 28 C.F.R. § 541.13 (Table 3).

[3]Generally, an appellant's failure to raise on appeal an argument he pressed in the district court results in a waiver of that argument.  See Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993) (citing Fed. R. App. P. 28(a)(3) and (5)).

4

Nonetheless, we have reviewed the District Court's decision, in particular its rejection of DeVaughn's claim of a violation of due process in the disciplinary investigation and hearings leading to the imposition of sanctions. For substantially the reasons given by the District Court, we are convinced that jurists of reason would not debate the correctness of its decision.

In sum, DeVaughn has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we will deny his request for a COA.