**Earl ROBINSON, Appellant**

v.

**Edward F. REILLY, Jr., Chairman U.S. Parole Commission; Ronnie R. Holt.**

No. 08–4312.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) and

For Determination of Whether a Certificate of Appealability Should Issue July 22, 2009.

Opinion filed: July 23, 2009.

---

Earl Robinson, Fort Dix, NJ, pro se.

Kate L. Mershimer, Esq., Dennis C. Pfannenschmidt, Esq., Office of United States Attorney, Harrisburg, PA, for Edward F. Reilly, Jr., Ronnie R. Holt.

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Earl Robinson appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. The procedural history of this case and the details of Robinson's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Robinson is serving a sentence of nine to twenty-seven years in prison for aggravated assault while armed. After being denied parole, Robinson filed a § 2241 petition in which he argued that the United States Parole Commission's application of its District of Columbia parole guidelines violated the Ex Post Facto Clause.

The District Court denied the petition, and Robinson filed a timely notice of appeal.

Because Robinson was convicted by a District of Columbia court, he is considered a state prisoner. *See Madley v. United States Parole Comm'n,* 278 F.3d 1306, 1309 (D.C.Cir.2002). Thus, although styled as a § 2241 petition, his petition should have been treated as one filed pursuant to 28 U.S.C. § 2254, and we will treat his notice of appeal as a request for a certificate of appealability. *See Coady v. Vaughn,* 251 F.3d 480, 486 (3d Cir.2001); *Madley,* 278 F.3d at 1310. We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to show a violation of the Ex Post Facto Clause, Robinson must show that, as applied to his sentence, the change in the law created a significant risk of increasing his punishment. *Garner v. Jones,* 529 U.S. 244, 255, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000). "[T]he ultimate question is the effect of the change in parole standards on the individual's risk of increased punishment." *Richardson v. Penn. Bd. of Probation and Parole,* 423 F.3d 282, 291 (3d Cir.2005).

Robinson argues that the Parole Commission's District of Columbia parole

guidelines violate the Ex Post Facto Clause because post-incarceration behavior is not considered as it was under the parole rules for the District of Columbia at the time of the commission of his crime in 1995.[1] However, it is clear that Robinson's post-incarceration behavior has been considered. At his hearing in February 2001, the hearing examiner noted that Robinson had committed one non-drug related infraction and had ordinary programming achievement. The examiner questioned whether Robinson felt remorse for his offense. In September 2004, the hearing examiner found Robinson to be deceptive in his explanation of why he had not paid his fine and noted Robinson's limited programming. By 2007, Robinson had completed programs in stress management, anger management, and a 40 hour drug education program. However, it was noted that Robinson, who blamed his crime on his drug use, had dropped out of the 500 Hour drug program. Observing that Robinson made no statement regarding his victim or his crime, the examiner encouraged him to take a program addressing victim impact. Thus, Robinson's post-incarceration behavior has been taken into account; however, it has not always been a positive factor. Also considered at all of his hearings was the seriousness of Robinson's crime: he stabbed his girlfriend multiple times in her neck, abdomen, and chest while she was sleeping and told her he was going to kill her.

Robinson has not shown that any change in the guidelines created a significant risk of increasing his punishment. Accordingly, we will deny Robinson a certificate of appealability.

---

1. Robinson's reliance on *Fletcher v. Reilly*, 433 F.3d 867 (D.C.Cir.2006), is misplaced. The Court in *Fletcher* addressed the guidelines for reparole.