OPINION
PER CURIAM.
Morris J. Warren appeals pro se from the denial of his petition for a writ of habeas corpus. We will summarily affirm. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.
I.
Warren is in federal custody in the Middle District of Pennsylvania pursuant to a 1983 conviction in the District of Columbia Superior Court for rape, kidnaping and other crimes. The trial court sentenced him to multiple terms of imprisonment, including concurrent terms of ten years to life imprisonment followed by a consecutive term of five to fifteen years of imprisonment. The District of Columbia Court of Appeals affirmed. See Warren v. United States, 515 A.2d 208 (D.C.1986). The State of Maryland has since lodged a de-tainer against Warren for a life sentence for murder that he will begin serving if and when he completes his District of Columbia sentence or is paroled.
*688 Because Warren was convicted in the District of Columbia, his sole post-conviction remedy lies under D.C.Code § 23-110, and he may not proceed with a federal habeas petition unless the § 23-110 remedy “is inadequate or ineffective to test the legality of his detention.” D.C.Code § 23-110(g). See also Swain v. Pressley, 430 U.S. 372, 377-78, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). Warren has filed at least five § 23-110 motions in the District of Columbia Superior Court. He has filed at least five federal habeas petitions as well.
The background relevant to the habeas petition at issue here is as follows. In Warren’s most recent § 23-110 motion in the District of Columbia Superior Court, he sought (1) recalculation of his sentence, (2) credit for time served and good conduct, and (3) review of the United States Parole Commission’s denial of his request for parole. The District of Columbia Superior Court denied that motion in 2007 because Warren’s first claim was untimely and it lacked jurisdiction over the remaining two claims.[1] The District of Columbia Court of Appeals affirmed.
Warren then filed another federal habe-as petition, apparently challenging his District of Columbia conviction. The District Court transferred that petition to the United States District Court for the District of Columbia under 28 U.S.C. § 1404(a). Warren appealed the transfer order, and we dismissed his interlocutory appeal for lack of jurisdiction. Warren v. Williamson, 3d Cir. C.A. No. 08-1416 (Apr. 2, 2008 order). The District of Columbia District Court later dismissed his petition pursuant to D.C.Code § 23-110(g), see Warren v. Williamson, No. 08-0119, 2008 WL 194655 (D.D.C. Jan.22, 2008), and the United States Court of Appeals for the District of Columbia Circuit denied Warren’s request for a certificate of appealability, Warren v. Williamson, D.C.Cir. No. 08-5039 (Oct. 10, 2008 order). In its order, the Circuit Court of Appeals noted the possibility that Warren might be able to pursue the claims that the District of Columbia Superior Court had denied for lack of jurisdiction by means of a § 2241 petition in the Middle District of Pennsylvania (which, as explained above, he already had done).
Warren then filed the federal habeas petition at issue here, purportedly under § 2241 and eight other (non-pertinent) provisions of Title 28 of the United States Code. As the Magistrate Judge aptly explained, Warren’s petition is a “long, rambling document” that “does not expressly ask for any particular relief.” (R & R at 3.) The Magistrate Judge liberally construed the petition to argue either that the District Court had erred in transferring his previous petition to a United States District Court instead of the District of Columbia Superior Court, or that the District of Columbia federal courts had erred in failing to make that transfer. The Magistrate Judge properly explained that there is no mechanism for a federal court to transfer a habeas petition to a state court and that federal habeas petitions cannot be used to collaterally challenge the habeas rulings of other federal courts. Thus, the Magistrate Judge recommended dismissing Warren’s petition as facially insufficient under Rule 4 of the Rules Governing Section 2254 Cases in the United *689 States District Courts. The District Court did so by Memorandum and Order entered February 27, 2009, writing to address Warren’s objections. Warren appeals. (He later filed a motion for reconsideration, which the District Court denied. Warren has not separately appealed that ruling.)
II.
The District Court treated Warren’s petition as one under § 2254 instead of § 2241 because Warren is considered a “state prisoner” for habeas purposes. See Madley v. U.S. Parole Comm’n, 278 F.3d 1306, 1309 (D.C.Cir.2002). Because Warren’s petition does not actually request any relief, it is somewhat difficult to characterize his petition as one under either § 2254 or § 2241 (or even as a habeas petition, for that matter). Warren’s petition, however, clearly raises no challenge to his underlying conviction or sentence. Thus, to the extent that it can be construed as a habeas petition, we believe that it should be construed as a § 2241 petition challenging the execution of his sentence. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.2009).[2]
The only conceivable habeas claims that Warren’s petition might be read to assert are the second and third claims he raised in the District of Columbia Superior Court — i.e., that he should receive credit for time served and good behavior, and that he should be paroled. Warren notes that the United States Court of Appeals for the District of Columbia Circuit suggested that he might be able to raise them in a § 2241 petition in the Middle District of Pennsylvania. He has not actually done so in this petition, however, because he has not argued the merits of those claims or even requested any relief. Moreover, we already have affirmed the denial of both claims, and Warren’s most recent challenge to his denial of parole remains pending in the District Court. Accordingly, we will affirm.

. Warren already had raised those claims in federal habeas petitions under § 2241. The District Court denied both petitions. We affirmed the denial of the petition seeking sentencing credits in Warren v. Dodrill, 122 Fed.Appx. 599 (3d Cir.2005) (Table), and affirmed the denial of the petition seeking parole in Warren v. United States, 145 Fed.Appx. 715 (3d Cir.2005). In addition, Morris has since filed another § 2241 petition challenging his denial of parole. That petition remains pending at M.D. Pa. Civ. No. 08-cv-01657 as of the date of this opinion.

. Accordingly, Warren does not require a certificate of appealability to appeal (and if he did, we would decline to issue one for the reasons discussed herein). See Burkey, 556 F.3d at 146. We thus have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a), and review the District Court's ruling under these circumstances de novo. See Vega v. United States, 493 F.3d 310, 314 (3d Cir.2007). The District Court applied Rule 4 of the Rules Governing Section 2254 Cases, but those rules apply to § 2241 petitions as well. See Rule 1(b), 28 U.S.C. foll. § 2254.